IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIROYAL ENGINEERED PRODUCTS, LLC,   OPINION AND ORDER

           Plaintiff,

                                                        08-cv-586-slc[1]

   v.

OMNOVA SOLUTIONS INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action for patent infringement is before the court on defendant OMNOVA Solutions, Inc.'s motion to dismiss this case pursuant to the first-to-file rule or in the alternative to transfer venue to the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1404(a). Defendant contends that this case should be dismissed because it is duplicative of a declaratory judgment action that defendant filed first in the Northern District of Ohio and asks, that if it is not dismissed it be transferred to the United

---

[1] In Case No. 08-cv-586-slc the parties have declined the jurisdiction of the magistrate judge. Because no Article III judge has been assigned to this case, I have assumed jurisdiction over the cases temporarily to resolve the parties' current disputes.

1

States District Court for the Northern District of Ohio, which is a more convenient forum.

I will deny defendant's motion to dismiss this case pursuant to the first-to-file rule. In general, when a declaratory judgment action and a patent infringement action are filed within days of each other, it is more appropriate to consider the convenience factors of 28 U.S.C. § 1404(a) rather than applying the rigid rule that the first-filed action trumps the later-filed action. After analyzing the 28 U.S.C. § 1404(a) convenience factors, I will grant defendant's motion to transfer the case. Because the parties are involved in a declaratory judgment action in the Northern District of Ohio concerning only those two parties and only the patent at issue in this case, the likely result of transfer will be that the two cases will be consolidated and both judicial and litigant resources will be saved.

From the complaint and the documents the parties submitted in regards with the pending motion, I find the following facts to be undisputed for the purpose of deciding this motion.

FACTS

A. Parties

Plaintiff Uniroyal Engineered Products, LLC is a Delaware corporation with its principal place of business in Sarasota, Florida. Plaintiff's sole manufacturing facility is located in Stoughton, Wisconsin. Plaintiff owns U.S. Patent No. 4,987,026 (the '026

2

patent), entitled "Flame Retardant Fabric Structure," which is at issue in this case. The '026 patent issued on January 22, 1991 and was assigned to Uniroyal in October, 2003. The term of the '026 patent has expired.

Defendant OMNOVA Solutions, Inc. is an Ohio corporation with its principal place of business in Fairlawn, Ohio. Defendant's manufacturing facility produces its allegedly infringing products in Columbus, Mississippi.

### B. Parties' Lawsuits Related to the '026 Patent

The two parties in this matter are competitors in the market for flame-retardant fabrics. In May of 2008, representatives of both parties met to discuss a potential cooperative arrangement unrelated to the '026 patent. Plaintiff suggested that a resolution to defendant's alleged infringement of the '026 patent could be made part of a larger deal between the parties, but the parties were unable to resolve their dispute. Their last communications regarding the '026 patent were on September 7, 2008.

On September 23, 2008, plaintiff contacted the docketing clerk of this court in preparation for filing its complaint against defendant for infringement of the '026 patent. The clerk's office assigned a case number to plaintiff and, as standard practice, the initiation of the case filing was disseminated to the public through such means as LexisNexis' Courtlink® service. The case was not filed at that time.

Two days later, on September 25, 2008, defendant filed a declaratory judgment action in the Northern District of Ohio seeking a declaration that certain products of defendant do not infringe plaintiff's '026 patent and that the '026 patent is invalid and unenforceable.  On October 3, 2008, plaintiff filed its patent infringement suit against defendant in this court.

### C.  Progress of the Lawsuits and Expected Time to Trial

In the Northern District of Ohio, the median time interval between filing and trial is 20.0 months.  In the declaratory judgment action in that district the parties held a case management conference on December 15, 2008.  Discovery has commenced and is set to conclude on April 17, 2009.  On May 1, 2009, dates will be set for Markman hearings, dispositive motions and trial.  Uniroyal moved to dismiss OMNOVA's declaratory judgment action, or in the alternative, transfer that case to this court.  However, on December 19, 2008, U.S. District Judge Dowd denied Uniroyal's request, concluding that "there is no clear reason in this case to upset the first-to-file rule, and that litigant and judicial economy will be best achieved by resolving the dispute in this forum."  Slip op., dkt. #21-12, Ex. 10.

In the Western District of Wisconsin, the median time interval between filing and trial is 10.4 months.  With respect to the infringement action in this court, a pre-trial conference has been held and a scheduling order has been entered.  The parties have also

4

exchanged initial disclosures. However, because the parties have declined to consent to magistrate judge jurisdiction, at this time the court is looking for a visiting district judge to preside over the trial. (Prelim. Pretrial Conf. Order, dkt. #18.)

### D.  Potential Witnesses

Plaintiff intends to call as witnesses two of its employees that reside in Wisconsin that verified defendant's alleged infringement of the '026 patent. Plaintiff no longer employs any of the three inventor witnesses to the '026 patent. Plaintiff's Chief Executive Officer resides in Florida.

All of defendant's witnesses who would testify to the marketing and sales of defendant's allegedly infringing products reside within the Northern District of Ohio. The witnesses relevant to the manufacture and distribution of those products, including technical engineers, reside in Mississippi. Defendant plans to call two witnesses to introduce its laches defense, its president and a former in-house patent counsel. Both reside in Ohio.

## OPINION

### A.  Dismissal Under First-to-File Rule

In applying the first-to-file rule in patent cases, a district court must look to the case law of the Federal Circuit. Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir.

1993) ("[t]he question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits"). Although the general rule in the Federal Circuit is that the forum of the first-filed case is favored, the court has also cautioned against "rigid mechanical solutions" and has stated that exceptions to the general rule exist and should be made as "justice or expediency requires." Id. at 937-38.

There are several reasons to retain jurisdiction in this action, including the conservation of judicial resources, the convenience of witnesses, the possibility of consolidation with other actions and comprehensive disposition of litigation. Id. at 938. Recently, the Court of Appeals for the Federal Circuit explained why it is especially important to avoid rigid application of the first-to-file rule to patent lawsuits. Micron Technology, Inc. v. Mosaid Technologies, Inc., 518 F.3d 897, 904 (Fed. Cir. 2008). In Micron, the court commented that the Supreme Court's decision in MedImmune Inc. v. Genentech Inc., 549 U.S. 118 (2007), could make it easier for patent litigants to "occasion a forum-seeking race to the courthouse," id. at 902-03, and therefore, district courts "should not reach a decision based on any categorical rules." Id. at 904-05. The court concluded that where a motion to transfer under § 1404(a) accompanies a motion to dismiss under the first-to-file rule, "the more appropriate analysis takes account of the convenience factors

6

under 28 U.S.C. § 1404(a)." Id. at 904. "Eventually, robust consideration of these factors will reduce the incentives for a race to the courthouse because both parties will realize that the case will be heard or transferred to the most convenient or suitable forum." Id. at 905.

A race to the courthouse appears to be exactly what happened in this case, with defendant filing its action two days after plaintiff first initiated its filing here. Therefore, I will not dismiss plaintiff's infringement action solely on the basis that defendant filed its action first.

### B.  Transfer Analysis

Although dismissal is not appropriate, I will transfer the case to the Northern District of Ohio. Transfer of a case under 28 U.S.C. § 1404(a) is appropriate when (1) venue is proper in the transferor district and (2) the transferee district is one in which the action may have been brought. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The parties do not deny that venue is proper here or that the action could have been brought in the Northern District of Ohio. Under 28 U.S.C. § 1404(a), a court must consider whether the transfer serves the convenience of the parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a); Coffey, 796 F.2d at 219-20. This requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice.

1.      Plaintiff's choice of forum

Plaintiff argues that its choice to file this case in this district deserves deference. In theory, a plaintiff's choice of forum does deserve deference, but only when a plaintiff is litigating in his home forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). The rationale behind giving deference to a plaintiff's choice of forum is that it is reasonable to assume that a plaintiff chooses a home forum for convenience. Id. Plaintiff contends that this district is its home forum because it has a manufacturing facility located here. Plaintiff cites no authority to support its position that a single facility of a corporation could establish a home forum when the corporation's principal place of business and headquarters are elsewhere.

2.      Convenience to parties

On balance, a transfer to the Northern District of Ohio would be more convenient to the parties. That forum would be more convenient for defendant. It is where its headquarters are and it is the location of its principal place of business. Although defendant notes that documents regarding infringement are located in that district, the location of documents and similar sources of proof has become almost a non-issue in this day and age. Milwaukee Electric Tool Corp. v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("technological advancements have diminished traditional concerns

related to ease of access to sources of proof. . .").

Moreover, transferring this case would have little effect on plaintiff. As previously stated, the fact that plaintiff's documents on its infringement analysis are located in this district makes little difference. Although plaintiff has a manufacturing facility in this district, that fact is irrelevant. It is defendant's products that are at issue in this infringement case, not plaintiff's.

3. <u>Convenience to witnesses</u>

This factor is neutral in the transfer analysis. Defendant intends to call witnesses that reside in Ohio that can testify about marketing and sales of its allegedly infringing products, as well as witnesses who reside in Mississippi and can testify about the manufacturing and distribution of those products. Defendant also intends to call at least two witnesses from Ohio to introduce a laches defense to infringement.

On the other hand, plaintiff intends to call witnesses that reside in Wisconsin that verified the infringement. Although plaintiff also suggests it may call three inventors of the '026 patent who are no longer its employees, plaintiff fails to state where these inventors reside, so it is unclear whether this forum would be more or less convenient to them.

The parties will be calling witnesses from at least three different states, including both Wisconsin and Ohio. The convenience to witnesses factor favors neither party in the

9

transfer analysis.

4. <u>Interests of justice</u>

This factor tips the scales in favor of transferring the case. The interests of justice may be determinative in a particular case, even if the convenience of the parties and witnesses would suggest a different result. <u>Coffey</u>, 796 F.2d at 221. In this case, a transfer to the Northern District of Ohio is very likely to lead to a consolidation of lawsuits. Judge Dowd is retaining the parties' declaratory judgment action. The parties do not dispute that the declaratory judgment action is a mirror image of this infringement action; it concerns the same parties and the same patent. In addition to conserving judicial resources, this court can avoid the possibility that two courts could reach inconsistent rulings on claim constructions, dispositive motions and verdicts by transferring this case.

Plaintiff argues that the interests of justice favor not transferring this case because this court will reach a faster result than the court in the Northern District of Ohio. Although plaintiff claims that the median time to trial is approximately twice as fast in this court as it is in the transferee court, discovery has already begun in the declaratory judgment action and is set to conclude on April 17, 2009. Dates will be set for Markman hearings, dispositive motions and trial on May 1, 2009. In this case, because the parties have declined to consent to magistrate judge jurisdiction, the court is still looking for a visiting district

judge to preside over the trial. Therefore, plaintiff's statistical figures for time to trial may not be as accurate in this particular case.

Moreover, plaintiff's '026 patent has expired. Therefore, the speed to trial is not as important as in other patent cases in which the patent at issue has not expired. In those cases, a patent holder's rights are time sensitive and any delay may decrease the value of the patent. Milwaukee Electric Tool Corp., 392 F. Supp. 2d at 1065.

Because the convenience factors weigh strongly in favor of transferring this case, I will grant defendant's motion to transfer this case to the United States District Court for the Northern District of Ohio.

## ORDER

IT IS ORDERED THAT:

1. Defendant OMNOVA Solutions, Inc.'s motion to dismiss this case pursuant to the first-to-file rule is DENIED.

11

2. Defendant's motion to transfer this case is GRANTED; the clerk of court is directed to transmit the file to the United States District Court for the Northern District of Ohio.

Entered this 18th day of March, 2009.

>BY THE COURT:
>
>/s/
>
>_____
>BARBARA B. CRABB
>District Judge